IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-545-CMA-KLM

JIMMY JONES, individually,

     Plaintiff,

v.

BRIAN REIS, individually and in his official capacity as Sergeant Deputy for Archuleta County
Sheriff's Office,
CHRIS VAN WAGENEN, individually and in his official capacity as Patrol Deputy for
Archuleta County Sheriff's Office,
MARSHALL CURRIER, individually and in his official capacity as tow truck operator for J.R.
Towing,
RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta County,
Colorado,
EDWARD WILLIAMS, individually and in his official capacity as Commander of Archuleta
County Detention Facility,
TRACEY WOODROW, individually and in her official capacity as Evidence Technician for
Archuleta County Sheriff's Office,
J.R. TOWING, INC.,
COUNTY OF ARCHULETA,

     Defendants.

---

### RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION

---

     Defendant, SERGEANT BRIAN REIS, submits the following response to plaintiff's

objection to Magistrate Judge Mix's recommendation [ECF 22]:

### I.    INTRODUCTION

     Magistrate Judge Mix correctly recommended that the Court grant Sgt. Reis' motion to

dismiss. *See* Mag. J. Rec. [ECF 21]. Mr. Jones' objection disagrees with Magistrate Judge Mix's

interpretation of applicable Colorado statutes as establishing probable cause. He also objects to

the Magistrate Judge's conclusion that the towing of his vehicle fell under the community caretaking exception to the Fourth Amendment's warrant requirement. Mr. Jones further objects to the finding that Eleventh Amendment immunity precludes his official capacity claim against Sgt. Reis. Finally, Mr. Jones objects to the recommendation that he be denied the opportunity to amend his complaint.

No element of the Magistrate Judge's recommendation requires the Court to rule differently on Sgt. Reis' motion to dismiss. The Magistrate Judge correctly applied the law to the allegations in Mr. Jones' complaint.

## II.     ARGUMENT

**A.     The Magistrate Judge correctly determined that Mr. Jones' complaint fails to state a plausible claim under § 1983 based on a traffic stop and impoundment of his vehicle.**

Magistrate Judge Mix determined that Mr. Jones failed to state a plausible § 1983 for violation of his Fourth Amendment rights based on the search and seizure of his person and private property in connection with a traffic stop because probable cause existed. Mag. J. Rec. at 12-17 [ECF 21]. Under the Fourth Amendment, law enforcement officers may make brief investigatory stops, including stopping a vehicle, when the stop is justified by "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981). Mr. Jones argues that Sgt. Reis did not have grounds to believe he was in violation of C.R.S. § 42-3-121(1)(a) (requiring registration of motor vehicles) and C.R.S. § 42-4-1409 (requiring motor vehicles be insured). Mr. Jones does not object to the Magistrate Judge's determination that his complaint did not allege he had proper registration, nor does he object to the determination that he did not have a driver license as

required by C.R.S. § 42-2-101. Instead, he argues that these statutes did not apply to his operation of a motor vehicle. Neither the plain language of the statutes nor case law support this argument. The Magistrate Judge correctly determined that because Mr. Jones' complaint alleges he was operating a motor vehicle that did not display proper registration, the traffic stop and subsequent search was reasonable under the Fourth Amendment.

Mr. Jones further objects to the Magistrate Judge's determination that the towing of his vehicle falls under the community caretaking exception to the Fourth Amendment's warrant requirement. The Supreme Court has held that "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge" and falls within what are considered "community caretaking functions" of law enforcement. *South Dakota v. Opperman*, 428 U.S. 364, 368-369 (1976). When a driver is arrested in connection with a traffic stop, "the police must decide what to with the car. Leaving the care where it is might sometimes lead to its vandalism or theft." *United States v. Woodford*, 5 F.4th 1148, 1150 (10th Cir. 2021).

Mr. Jones argues that Sgt. Reis "failed to allege any facts that would suggest there was a valid community caretaking reason that made it necessary to remove Plaintiff's private property from the parking spot where it was *legally parked*." Obj. at 9 [ECF 22]. But Mr. Jones' conclusory assertion that his vehicle was legally parked does not make the impoundment of his vehicle unreasonable under the Fourth Amendment. As the Magistrate Judge observed, Mr. Jones' complaint did not indicate that anyone else was available to remove the vehicle from its location, nor did it suggest that the decision to impound the car was a pretext for searching for evidence of criminal activity. Mag. J. Rec. at 17 [ECF 21]. The Magistrate Judge therefore

correctly determined that Mr. Jones failed to state a plausible § 1983 claim based on the impoundment of his vehicle.

**B.     The Magistrate Judge correctly determined that Mr. Jones fails to state a plausible § 1983 against Sgt. Reis based on his arrest.**

Mr. Jones objects to the Magistrate Judge's determination that he failed to state a plausible claim for relief based on what he describes as his "First Warrantless Arrest" and "Second Warrantless Arrest." Mr. Jones' complaint alleges that he was first arrested for "failure to identify" and that he did not possess a driver license. C.R.S. § 42-2-101(10) prohibits any person from operating a motor vehicle on a highway in Colorado unless he possesses a valid driver's license and has that license in his immediate possession. C.R.S. § 42-2-115(2) provides that any person who has been issued a driver's license and operates a motor vehicle in Colorado shall produce such license to any peace officer who so requests, if the peace officer reasonably suspects the person has or is about to commit a traffic violation. Sgt. Reis accordingly had probable cause to arrest him. Mr. Jones argues that the Magistrate Judge could not have concluded he committed the crime of "failure to identify" because he did not possess a driver license. This argument is contrary to law and does not require that the Court rule differently on Sgt. Reis' motion to dismiss.

Mr. Jones further argues that the Magistrate Judge erred in recommending dismissal of his claimed based on his "second warrantless arrest" for "failure to sign." Mr. Jones alleges that he was threatened with arrest when he refused to sign a document that falsely stated he did not have insurance for his vehicle. Mr. Jones objects to the Magistrate Judge's determination that these allegations fail to state a plausible claim for violation of his Fifth Amendment right against self-incrimination. "A violation of the constitutional right against self-incrimination generally

only occurs if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (holding that coercive interrogation by police could not be basis for § 1983 claim, as no violation of the Fifth Amendment's self-incrimination clause occurs until compelled statements are used in a criminal trial). Because Mr. Jones does not allege that he faced any criminal charges related to a lack of insurance on his vehicle, the Magistrate Judge correctly determined he does not state a plausible claim for relief under the Fifth Amendment.

**C.     The Magistrate Judge correctly determined that Sgt. Reis is entitled to qualified immunity.**

Mr. Jones does not object to the Magistrate Judge's determination that Sgt. Reis is entitled to qualified immunity on the claims asserted against him in his individual capacity. Mr. Jones only objects to the determination that he failed to state a plausible claim for relief for a constitutional violation under § 1983.

When a defendant asserts qualified immunity, the court conducts a two-pronged test asking whether "(1) the defendant violated [the plaintiff's] constitutional or statutory rights and (2) [whether] the right was clearly established at the time of the alleged unlawful activity." Castillo v. Day, 790 F.3d 1013, 1019 (10th Cir. 2015). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016).

The Magistrate Judge correctly determined that Mr. Jones failed to plausibly establish a constitutional violation as is necessary to satisfy the first prong. Moreover, Mr. Jones' objection does not cite to any case law to show that the law was clearly established such that an official in Sgt. Reis' position would have known his conduct would violate Mr. Jones' civil rights. "The assertion of qualified immunity imposes a heavy burden on [] plaintiffs, requiring them to point

to existing precedent or the clear weight of authority establishing the existence of a constitutional violation." *Lincoln v. Maketa*, 880 F.3d 533, 544 (10th Cir. 2018). Mr. Jones has not satisfied this burden. The second prong of the inquiry therefore also supports Sgt. Reis' dismissal on the basis of qualified immunity.

### D. The Magistrate Judge correctly determined that the official-capacity claim against Sgt. Reis should be dismissed.

Magistrate Judge Mix's recommendation correctly observed that an official capacity claim is effectively "an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1006 (10th Cir. 1998). In order to state an official capacity claim against an entity, a plaintiff must establish "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Mr. Jones' complaint does not satisfy this standard. As discussed above, Mr. Jones does not plausibly allege a violation of his constitutional rights by Sgt. Reis. Moreover, his complaint does not identify any official policy or custom that was the moving force behind the violations he alleges. *See* Mag. J. Rec. at 26. Therefore, there is no basis for a claim against Sgt. Reis in his official capacity.[1]

---

[1] The Magistrate Judge also determined that Eleventh Amendment immunity precludes an official capacity claim against Sgt. Reis under § 1983. Mag. J. Rec. at 10 [ECF 21]. The Eleventh Amendment bars claims in federal court against entities that are considered an "arm of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."). The state of the law does not presently support that Colorado sheriffs are arms of the state entitled to Eleventh Amendment immunity. *Couser v. Gay*, 959 F.3d 1018, 1023 (10th Cir. 2020) (noting "The Supreme Court 'has repeatedly refused to extend Eleventh Amendment sovereign immunity to counties'" and "county officers sued for damages in their official capacity are generally not entitled to Eleventh Amendment immunity,") (quoting

**E.    The Magistrate Judge correctly recommended that Mr. Jones be denied the opportunity to further amend his complaint.**

Mr. Jones objects to the Magistrate Judge's recommendation that his complaint be dismissed with prejudice, arguing that "there are several questions that need to be answered, answers which will come during discovery." Obj. at 19. The U.S. Supreme Court expressly rejected this approach in *Ashcroft v. Iqbal*, noting that Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. 662, 678-79 (2009). Given the allegations in Mr. Jones' complaint and his arguments in his objection, it does not appear that, even if permitted to amend his complaint, he would be able to state a plausible claim for relief against Sgt. Reis. As the Magistrate Judge observed, "dismissal [with prejudice] of a pro se complaint for failure to state a claim is proper . . . where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Garcia v. Webster*, No. 09-cv-03024-CMA-KLM, 2011 WL 109076, at *1 (D. Colo. Jan. 11, 2011) (citing *Oxendine v. Kaplan*, 241 F.2d 1272, 1275 (10th Cir. 2001).

### III.    CONCLUSION

The Magistrate Judge did not err in recommending that Sgt. Reis' motion to dismiss be granted. The Magistrate Judge correctly determined that, based on the well-pleaded factual allegations in his complaint, Mr. Jones failed to state a plausible claim for relief under § 1983. Sgt. Reis asks the Court to adopt the Magistrate Judge's recommendation and dismiss Mr. Jones' claim against him.

---

*Northern Ins. Co. of N.Y. v. Chatham Cty.*, 547 U.S. 189, 193 (2006)). However, there is no basis for an official capacity claim against Sgt. Reis based on Mr. Jones' allegations.

Respectfully submitted,


By s/*Leslie L. Schluter*
    Leslie L. Schluter
    Sophia A. N. Fernald
    DAGNER | SCHLUTER | WERBER LLC
    8400 East Prentice, Suite 1401
    Telephone: (303) 221-4661
    Fax: (303) 221-4594
    E-mail: lschluter@lawincolorado.com
    E-mail: sfernald@lawincolorado.com

ATTORNEYS FOR DEFENDANT
SERGEANT BRIAN REIS


## CERTIFICATE OF SERVICE (CM/ECF)

       I hereby certify that on February 3, 2023, I electronically filed the foregoing **RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Sean J. Lane, Esq.
Allison J. Warren, Esq.
William J. O'Donnell, Esq.
THE LANE LAW FIRM, P.C.
slane@lanelawpc.com
awarren@lanelawpc.com
wodonnell@lanelawpc.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

**First Class Mail, Postage Prepaid**
Jimmy Jones
P.O. Box 3595
Pagosa Springs CO 81147

                                    s/*Marisa Showalter*
                                      Paralegal