UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-CV-545-KLM

JIMMY JONES

    Plaintiff,

v.

BRIAN REIS, individually and in his official capacity as Sergeant Deputy for Archuleta County Sheriff's Office,
CHRIS VAN WAGENEN, individually and in his official capacity as Patrol Deputy for Archuleta County Sheriff's Office,
MARSHALL CURRIER, individually and in his official capacity as tow truck operator for J.R. Towing,
UNKNOWN DOES 1-6, individually and in their official capacities as employees for Archuleta County Sheriff's Office/Detention Facility,
RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado,
EDWARD WILLIAMS, individually and in his official capacity as Commander of Archuleta County Detention Facility,
UNKNOWN DOE 7, individually and in his/her official capacity as an employee for Archuleta County Sheriff's Office,
TRACEY WOODROW, individually and in her official capacity as Evidence Technician for Archuleta County Sheriff's Office,
J.R. TOWING, INC.,
COUNTY OF ARCHULETA,

Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants, CHRIS VAN WAGENEN, individually and in his official capacity as Patrol Deputy for Archuleta County Sheriff's Office; UNKNOWN DOES 1-6, individually and in their official capacities as employees for Archuleta County Sheriff's Office/Detention Facility; RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta County Colorado; Edward Williams, individually and in his official capacity as Commander of Archuleta

1

County Detention Facility; UNKNOWN DOE 7, individually and in his/her official capacity as an employee for Archuleta County Sheriff's Office; TRACEY WOODROW, individually and in her official capacity as Evidence Technician for Archuleta County Sheriff's Office (collectively, the "Sheriff's Defendants"); and COUNTY OF ARCHULETA, by and through their attorneys, Sean J. Lane, Esq., Allison Warren, Esq., and William O'Donnell, Esq., of THE LANE LAW FIRM, P.C., hereby respond to Plaintiff's Objection to the Recommendation of the honorable Judge Mix.  As grounds therefor, the above-listed Defendants state as follows:

## I.  PROCEDURAL BACKGROUND

On March 3, 2022, Plaintiff filed a 42 U.S.C. § 1983 action against the aforementioned Defendants following a traffic stop, which led to his arrest and vehicle impoundment.  On June 1, 2022, Defendants filed a Motion to Dismiss and raised the affirmative defense of qualified immunity.  On January 9, 2023, honorable Magistrate Judge Mix submitted a Recommendation proposing that the Article III Judge: (1) dismiss Defendants Van Wagenan, Does 1-6, Valdez, and Archuleta County for Plaintiff's failure to state claims; (2) grant qualified immunity to Defendants Van Wagenan, Does 1-6, and Valdez, and; (3) deny the dismissal of Defendants Woodrow and Doe 7.  On January 20, 2023, Plaintiff filed an Objection to Judge Mix's Recommendation, asserting in part that the dismissal of his Fourth and Fifth Amendment claims against Defendants Van Wagenan and Valdez are improper at this time.

## II.  ARGUMENT

a. **Summary of Argument**

Plaintiff has not established that Judge Mix's recommendation that Defendants Van Wagenan and Valdez be granted qualified immunity is improper.  When qualified immunity is claimed, "the plaintiff carries a heavy two-part burden to show: (1) that the defendant's actions

2

violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of defendant's unlawful conduct." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th 20 Cir. 2014). This burden is not met by identifying a right "in the abstract." *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). Rather, the plaintiff must clearly articulate the established constitutional right at issue and the conduct of each defendant alleged to have violated the right with specificity, and further demonstrate a substantial correspondence between the conduct in question and the prior law establishing that the defendant's actions were clearly prohibited. *See id.* at 1475. Here, Defendants Van Wagenan and Valdez are entitled to qualified immunity because Plaintiff has not met his two-part burden with respect to his Fourth and Fifth Amendment Claims. Each of Plaintiff's objections regarding the aforementioned Defendants will be addressed below, excepting Section E of the Motion, which is inapplicable to Plaintiff's 1983 claim.

    **b. Plaintiff has not established that Defendant Van Wagenan should be denied qualified immunity with respect to the traffic stop**

Plaintiff has raised several contentions relating to Judge Mix's conclusion that the traffic stop at issue is constitutional. In sum, Plaintiff asserts that his Fourth Amendment claims against Defendant Van Wagenan are actionable because: (1) Van Wagenen failed to sufficiently allege facts demonstrating probable cause or articulate reasonable suspicion that his vehicle was subject to registration requirements; (2) Van Wagenan has failed to present facts to the court evidencing probable cause; (3) Van Wagenan violated his constitutional right to travel, and; (4) Van Wagenan failed to allege facts that the community caretaking exception applies to the impoundment of his vehicle. These assertions do not satisfy the first prong of his two-part burden, as none of the foregoing allegations establish that a Fourth Amendment violation occurred. Pursuant to the Fourth Amendment, "[t]he decision to stop an automobile is reasonable where the police have

probable cause to *believe* that a traffic violation has occurred." *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (emphasis added).

> An officer need not be able to quote statutes (or scripture), chapter and verse. Some confusion about the details of the law may be excused so long as there was either 'an observed [actual] traffic violation or [] reasonable articulable suspicion that [an actual] traffic or equipment violation has occurred or is occurring.

*See United States v. Eckhart,* 569 F.3d 1263, 1277 (10th. Cir. 2009).

Here, Plaintiff does not argue that he was operating his vehicle in violation of the COLO. REV. STAT. § 42-3-103(1) registration requirements. Rather, Plaintiff contends that Defendant Van Wagenan's traffic stop was unreasonable, arguing that Defendant Van Wagenan should have been certain that Plaintiff's vehicle was subject to Colorado's motor vehicle registration requirements prior to the stop. This argument holds Van Wagenan to a far more stringent standard than what is required under the Fourth Amendment, in which police officers need only have a *belief* that a traffic violation occurred. Notably, COLO. REV. STAT. § 42-3-104 bolsters the reasonableness of Van Wagenan's belief that a traffic violation had occurred. Pursuant to COLO. REV. STAT. § 42-3-104(3), vehicles exempt from Colorado's registration requirements include government-owned vehicles, fire-fighting vehicles, police ambulances and farm tractors. Clearly, in light of the statute, it was not unreasonable for Van Wagenan to believe Plaintiff's personal vehicle was subject to Colorado's registration requirements.

Next, Defendant Van Wagnean's traffic stop does not implicate Plaintiff's constitutional right to travel. "The federal guarantee of interstate travel ... protects interstate travelers against two sets of burdens: 'the erection of actual barriers to interstate movement' and 'being treated differently' from intrastate travelers." *See Bray v. Alexandria Women's Health Clinic*, 506 U.S.

263, 356 (1993). Neither of these rights are applicable to this action, as Plaintiff does not allege that he was traveling out-of-state and concedes that he is a Colorado resident.

Because Plaintiff has not identified a violation of his constitutional right, he has failed to meet the first prong of his two-part burden. Therefore, Defendant Van Wagenan should be entitled to qualified immunity.

    c. **Plaintiff has not established that Defendant Van Wagenen's should be denied qualified immunity with respect to his decision to impound Plaintiff's vehicle**

Plaintiff raises an objection to the Magistrate Judge's recommendation that his vehicle impoundment falls within the community caretaking exception of the Fourth Amendment. Specifically, Plaintiff argues that the community caretaking exception is inapplicable to Defendant Van Wagenen's decision to impound his vehicle because: (1) Van Wagenan has not alleged facts to "suggest there was a valid community caretaking reason that made it necessary to remove Plaintiff's private property," and; (2) that the vehicle was legally parked. It is well settled in the Tenth Circuit that the community caretaking exception may apply even where vehicles are "parked in private lots and other locations," as "unoccupied vehicles may still constitute nuisances, although their impact on traffic is questionable." *See United States v. Trujillo*, 993 F.3d 859, 872 (10th. Cir. 2021). For example, the decision to impound vehicles under the community caretaking exception may be "supported by uncertainty regarding the ownership or registration of the vehicle or the absence of a licensed driver to take custody of the vehicle following the arrest of the original driver." *See id.* at 866. In *United States v. Kornegay*, the appellant argued that his vehicle impoundment was violative of the Fourth Amendment because his vehicle was legally parked in a private lot. *See United States v. Kornegay*, F.2d 713, 720 (10th Cir. 1989). The Tenth Circuit disagreed, stating, "the fact that the [impounded] vehicle was legally parked in a parking lot does

not, in and of itself, require the finding that impoundment was unnecessary. *See id.* at 716. The court reasoned that the community caretaking exception still applied because the appellant's

> true identity and place of residence were not known… there was no friend, relative or companion who could be asked to care for the car… [law enforcement] did not know where the vehicle was from… the vehicle was not parked on [plaintiff's] property, [and] to have left the vehicle in [] a lot open to the public—could have subjected it to vandalism or theft.

*Id.* In light of this decision, it is clear that Van Wagenan's decision to impound the Plaintiff's vehicle falls within the community care exception. Irrespective of where the vehicle was parked, Plaintiff concedes that he was traveling alone, refused to produce the vehicle's registration, and was driving without a license or any other identification in violation of Colorado law. (For cites, see original brief). Further, Van Wagenan was unable to determine the vehicle's VIN number.

Because Plaintiff's objection fails to establish the first prong of his burden, Defendant Van Wagenan is entitled to qualified immunity.

### d. Plaintiff has not established that Defendant Van Wagenan should be denied qualified immunity with respect to his arrest

Plaintiff objects to Judge Mix's finding that his arrest was not violative of his Fourth and Fifth Amendment rights, arguing that: (1) Van Wagenan lacked probable cause to believe he committed a criminal act, and; (2) he was forced to sign a document under threat of imprisonment. Again, neither of these contentions sufficiently establish the first prong of the qualified immunity test.

Defendant Van Wagenan's had sufficient probable cause to arrest Plaintiff. In *Atwater v. City of Largo Visa*, the Supreme Court held, "the Fourth Amendment does not forbid a warrantless arrest for a minor criminal offense, such as a misdemeanor [traffic] violation punishable only by a fine." *See Atwater v. City of Largo Visa*, 532 U.S. 318, 373 (2001). In *Atwater,* the plaintiff argued that her Fourth Amendment rights were violated after she was arrested for several minor traffic

6

infractions, including a failure to produce her license and registration. *See id.* at p. 324. The Supreme Court held that her arrest was constitutional, reasoning that requiring law enforcement officers to draw "various distinctions between permissible and impermissible arrests for minor crimes [at a moment's notice] strike [a] 'very unsatisfactory line.'" *See id.* at p. 349 (citing *Carroll v. United States,* 267 U.S 132, 175 (1925)). Here, Plaintiff does not contest in his Complaint that he was driving without a license or valid car insurance, in violation of Colorado traffic regulations. Rather, he states that he "was positive" that his insurance was current" and that he was at a "loss for words." Pursuant to Colorado law, Plaintiff's failure to produce valid insurance or provide an explanation gave Van Wagenan "probable cause to believe that an individual has committed even a very minor criminal offense in his presence" warranting Plaintiff's arrest. *See id.* at p. 354. *See* Original brief for Colo. Law cite.

Similarly, Plaintiff has not raised an objection that establishes a violation of his Fifth Amendment rights. Plaintiff alleges that Van Wagenan's threatened imprisonment unless Plaintiff signed a document acknowledging that he was driving without insurance. This argument conflicts with the Supreme Court's decision in *California v. Byers*, which held that "disclosures with respect to automobile accidents simply do not entail the kind of substantial risk of self-incrimination" the Fifth Amendment protects against." *See California v. Byers*, 402 U.S. 424, 478 (1971). Further, although the Fifth Amendment self-incrimination privilege can be asserted in noncriminal cases, "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a *criminal* case." *See Chavez v. Martinez*, 538 U.S. 760, 802 (1994). Here, Plaintiff has not alleged that Defendant Van Wagenan ever threatened criminal charges. In fact, the evidence on record suggests the opposite. Plaintiff concedes that Defendant Van Wagenan executed a summons and complaint, which pursuant to COLO. REV.

7

STAT. § 42-4-1707(1)(a), is produced where an offense is "punishable as a misdemeanor, petty offense, or misdemeanor traffic offense."

Plaintiff's assertions regarding his arrest do not establish that his Fourth and Fifth Amendment rights were violated, and Van Wagenan is thus entitled to qualified immunity.

### e. Plaintiff has not established Defendant Valdez's personal involvement in this matter

Plaintiff raises an objection to Judge Mix's recommendation that he be denied an opportunity to amend, arguing in part that a question remains as to whether Defendant Valdez properly trained his employees on the "provisions set forth in state law when dealing with the sale of personal property." As stated in Defendant's Motion to Dismiss, to pursue a 42 U.S.C. § 1983 claim against a supervisory officer, the "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *See Jenkins v. Wood*, 81 F.3d 988, 998 (10th. Cir. 1996).

> It is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'

*See id.* at p. 994 (citing *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir.1992)). Here, Plaintiff does not state any plausible allegations against Defendant Valdez or Archuleta County. Rather, he raises a hypothetical question. Plaintiff's conclusory statement, without more, does not support an inference that Defendant Valdez had any personal involvement with the alleged violations of his constitutional rights. Because Plaintiff has not established that Defendant Valdez violated his constitutional rights, he is entitled to qualified immunity.

### III. CONCLUSION

If a civil rights "plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity… the record must clearly demonstrate that the plaintiff has

satisfied his two-part burden." *See Medina v. Cram*, 352 F.3d 1124, 1138 (2001). Here, none of Plaintiff's objections satisfy the first prong of the qualified immunity inquiry, as they do not establish with specificity that either Defendant Valdez or Van Wagenan's actions were violative of a constitutional right. Therefore, Judge Mix's recommendation that Defendants Valdez and Van Wagenan should be entitled to qualified immunity is proper.

Respectfully submitted this February 3, 2023.

By:  s/      *Sean J. Lane*
Sean J. Lane, Esq.
Allison Warren, Esq.
William J. O'Donnell, Esq.
**THE LANE LAW FIRM, P.C.**
5105 DTC Parkway, Suite 475
Greenwood Village, Colorado 80111
Tel: (720) 464-4215
Fax: (303) 860-7855
Email: slane@lanelawpc.com
awarren@lanelawpc.com
wodonnell@lanelawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this February 3, 2023, a true and correct copy of the above and foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Plaintiff
Jimmy Jones
P.O. Box 3595
Pagosa Springs, Colorado 81147
(828) 407-3415

*Original Duly Signed at The Lane Law Firm, P.C.*

s/     *Sarah Merrill*
Sarah Merrill