**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Christine M. Arguello**

Civil Action No. 22-cv-00545-CMA-KLM

JIMMY JONES,

    Plaintiff,

v.

BRIAN REIS, individually and in his official capacity as Sergeant Deputy for Archuleta
County Sheriff's Office,
CHRIS VAN WAGENEN, individually and in his official capacity as Patrol Deputy for
Archuleta County Sheriff's Office,
MARSHALL CURRIER, individually and in his official capacity as tow truck operator for
J.R. Towing,
UNKNOWN DOES 1–6, individually and in their official capacities as employees for
Archuleta County Sheriff's Office/Detention Facility,
RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta
County, Colorado,
EDWARD WILLIAMS, individually and in his official capacity as Commander of
Archuleta County Detention Facility,
UNKNOWN DOE 7, individually and in his/her official capacity as Evidence Technician
for Archuleta County Sheriff's Office,
TRACEY WOODROW, individually, and in her official capacity as Evidence Technician
for Archuleta County Sheriff's Office,
J.R. TOWING, INC., and
COUNTY OF ARCHULETA,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING IN PART AND REJECTING IN PART**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

        This matter is before the Court on the January 9, 2023 Recommendation of

United States Magistrate Judge (Doc. # 21), wherein Magistrate Judge Kristen L. Mix

recommends this Court (1) grant Defendant Brian Reis's Motion to Dismiss (Doc. # 5);

and (2) grant in part and deny in part the Motion to Dismiss (Doc. # 6) brought by

Defendants County of Archuleta, Unknown Does 1–6, Unknown Doe 7, Richard Valdez,

Chris Van Wagenen, Edward Williams, and Tracey Woodrow (collectively, "Archuleta

County Defendants"). Plaintiff Jimmy Jones timely filed an Objection to the

Recommendation (Doc. # 22), and Defendant Reis and the Archuleta County

Defendants each filed a response (Doc. # 25; Doc. # 26). For the following reasons, the

Court rejects the Recommendation as to Judge Mix's determination that Plaintiff's

official capacity claims are barred by the Eleventh Amendment and affirms and adopts

the Recommendation in all other respects.

## I.     BACKGROUND

The factual background of this case is set out at length in Judge Mix's

Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts

necessary to address Plaintiff's Objection to the Recommendation. The Court takes the

following well-pleaded facts from Plaintiff's Complaint (Doc. # 1) and assumes them to

be true for purposes of reviewing the Motions to Dismiss. *See Ridge at Red Hawk,*

*L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).[1]

---

[1] Because Plaintiff proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Nor does *pro se* status entitle a litigant to an application of different rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

On March 7, 2021, Plaintiff was driving in his vehicle through Pagosa Springs. (Doc. # 1 at ¶ 16.) He was pulled over by Defendants Van Wagenen and Reis, who were in an Archuleta County Sheriff's Office vehicle. (*Id.* at ¶¶ 17–19.) When Plaintiff asked what crime he committed, Van Wagenen informed Plaintiff that he was not displaying proper registration on his vehicle. (*Id.* at ¶ 21.) Plaintiff asked if he "was free to continue traveling since Plaintiff had not committed any crime." (*Id.* at ¶ 22.) Van Wagenen refused and demanded that Plaintiff provide his "papers." (*Id.* at ¶ 23.) Plaintiff "declined to hand over papers in absence of a warrant." (*Id.*) Defendant Reis then placed Plaintiff under arrest for "failure to identify" and handcuffed him. (*Id.* at ¶ 25.)

Reis asked for Plaintiff's driver's license, and Plaintiff responded that it was probably in his pocket but that Reis did not have a warrant. (*Id.* at ¶ 30.) Reis searched Plaintiff anyway and found a wallet in his pocket. (*Id.* at ¶¶ 30–31.) In addition, Reis and Van Wagenen attempted to read the VIN number on Plaintiff's vehicle but could not read the full number because of dust. (*Id.* at ¶¶ 33–34.) Plaintiff informed them that Plaintiff had a copy of the bill of sale signed by the previous owner and Plaintiff, as well as a copy of the title signed over to Plaintiff (collectively referred to by Plaintiff as "Proof of Rightful Ownership") in the console of the vehicle. (*Id.* at ¶ 34.) Plaintiff "offered to look on and instruct" as Van Wagenen retrieved the Proof of Rightful Ownership from the console. (*Id.* at ¶ 36.) When Van Wagenen was searching the console, Plaintiff also saw "what appeared to be Plaintiff's printed proof of insurance," and he "pointed this proof of insurance out to Defendant Van Wagenen" and gave Van Wagenen permission to take that paper as well. (*Id.* at ¶ 37.)

Approximately 15 minutes later, a tow truck arrived. (*Id.* at ¶ 38.) Plaintiff later came to know that this tow truck belonged to Defendant J.R. Towing, INC. ("J.R. Towing"), and was operated by Defendant Currier. (*Id.*) When Plaintiff asked why a tow truck arrived on the scene, Defendants Van Wagenen and Reis said that Plaintiff's insurance was expired. (*Id.* at ¶ 39.) This caused Plaintiff "to be at a loss for words" because he was "positive" that his insurance was current. (*Id.*) Reis removed the handcuffs from Plaintiff and permitted him to retrieve his personal belongings from the vehicle before it was impounded. (*Id.* at ¶ 40.)

Van Wagenen informed Plaintiff that he had committed the crimes of failing to display proper registration and operating a motor vehicle with expired insurance. (*Id.* at ¶ 44.) Plaintiff told Van Wagenen and Reis that he did have valid insurance, but they "refused to verify that Plaintiff had current insurance" and instead demanded that "Plaintiff sign a document with the false claim that Plaintiff did not have current insurance." (*Id.* at ¶¶ 44–45.) Plaintiff refused to sign the document, at which point Van Wagenen handcuffed Plaintiff again and took him into custody. (*Id.* at ¶ 48.)

Plaintiff alleges that from approximately 3:30 p.m. on March 7, 2021, to 3:30 p.m. on March 9, 2021, Defendants Van Wagenen, Reis, Valdez, Williams, and Unknown Does 1–6 held Plaintiff against his will. (*Id.* at ¶ 49.) He asserts that he demanded to see a judge and was refused. (*Id.* at ¶ 50.) Defendants Valdez and Williams came to Plaintiff's cell and demanded that he "sign paperwork," but Plaintiff refused. (*Id.* at ¶ 51.) Multiple times throughout the 48 hours that Plaintiff was held, Unknown Does 1–6 demanded that Plaintiff sign papers, get photographed, and submit fingerprints. (*Id.* at ¶

4

53.) Each time, Plaintiff "respectfully declined to self-incriminate." (*Id.*) Unknown Does 1–6 told Plaintiff that if he did not comply he would be denied access to a judge, and they informed Plaintiff that he would be held "indefinitely." (*Id.*) Plaintiff appeared before a judge at 3:00 p.m. on March 9, 2021, and was released. (*Id.* at ¶¶ 55–56.)

On March 7, 2021, Van Wagenen and Currier had signed a Vehicle Impoundment Record which stated that Plaintiff's vehicle was impounded for no registration and no insurance. (*Id.* at ¶ 57.) However, on March 8, 2021, Unknown Doe 7 entered a "Towed Vehicle Summary" into the Archuleta County Sheriff's Office computer system stating that Plaintiff's vehicle was "ABANDONED." (*Id.* at ¶ 58.) On March 21, 2021, Defendant Woodrow falsified and executed a motor vehicle bill of sale claiming that the sale of Plaintiff's vehicle was a "sale of abandoned vehicle." (*Id.* at ¶ 59.) Plaintiff contacted Currier and J.R. Towing on June 7, 2021, at which time Currier claimed that he had been unable to establish contact with the previous owner of record for Plaintiff's vehicle. (*Id.* at ¶ 60.) However, before June 7, 2021, the previous owner of the vehicle received a letter from the Archuleta County Sheriff's Office regarding the vehicle and contacted both the Sheriff's Office and J.R. Towing to inform them that the previous owner had sold the vehicle to Plaintiff in 2020. (*Id.* at ¶ 61.)

On June 11, 2021, Plaintiff "happened upon a young man who was in possession" of Plaintiff's vehicle. (*Id.* at ¶ 62.) The young man told Plaintiff he had purchased the vehicle from J.R. Towing "sometime in early March, 2021" for $5,500. (*Id.*) In the console of the vehicle, Plaintiff found a copy of the bill of sale signed by both

the previous owner and Plaintiff, a copy of the title signed over to Plaintiff by the previous owner, and proof of current insurance through Geico. (*Id.* at ¶ 63.)

Plaintiff initiated this lawsuit on March 4, 2022, and asserts four claims: (1) unreasonable search and seizure in violation of the Fourth Amendment against Van Wagenen and Reis for the March 7, 2021 arrest and impoundment of his vehicle; (2) violation of his right against self-incrimination under the Fifth Amendment and violation of his Due Process rights for being taken into custody and not immediately appearing before a judge and for the seizure and sale of his vehicle; (3) violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments against Van Wagenen, Reis, Valdez, Williams, and Unknown Does 1–6 for being forced to remain in jail after a warrantless arrest; and (4) violation of his Ninth Amendment rights against Van Wagenen, Reis, Valdez, Williams, and Unknown Does 1–6 for "attempting to force Plaintiff into complying" with unconstitutional demands.

Defendant Reis and the Archuleta County Defendants filed their respective Motions to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on June 2, 2022. (Docs. ## 5, 6.) Judge Mix issued her Recommendation on January 9, 2023. (Doc. # 21.) Plaintiff timely filed an Objection (Doc. # 22), and the matter is now ripe for review.

## II.    LEGAL STANDARDS

### A.    REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

## B.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

### III.   DISCUSSION

### A.   THE RECOMMENDATION

In her Recommendation, Judge Mix first concludes that all of Plaintiff's claims against Defendant Reis and the Archuleta County Defendants in their official capacities should be dismissed for lack of jurisdiction because such claims are barred by the Eleventh Amendment. (Doc. # 21 at 10–11.) Next, Judge Mix recommends dismissal of Plaintiff's Fourth Amendment claims against Reis and Van Wagenen because the allegations in the Complaint show that the officers had probable cause to stop Plaintiff

for failing to display proper registration and to arrest him for refusing to produce his

identification. (*Id.* at 11–17.) The allegations also demonstrate that Plaintiff directed Van

Wagenen to find his "Proof of Rightful Ownership" in the console and consented to that

limited search of his vehicle. (*Id.* at 16.) Further, the allegations fail to show that the

impoundment of Plaintiff's vehicle was a pretext for searching for evidence of criminal

activity or otherwise invalid pursuant to the officers' community care-taking function. (*Id.*

at 17.) For these reasons, Judge Mix concluded that Plaintiff failed to allege an

unconstitutional search and seizure under the Fourth Amendment and that Van

Wagenen and Reis are entitled to qualified immunity as to that claim. (*Id.*) She thus

recommends granting the Motions to Dismiss as to Plaintiff's first claim for relief under

the Fourth Amendment. (*Id.*)

With respect to Plaintiff's claim for violation of his Fifth Amendment right against

self-incrimination, Judge Mix determined that the Complaint failed to plausibly allege

that Plaintiff was compelled to be a witness against himself or that he had reasonable

cause to apprehend danger from answering questions that could incriminate him. (*Id.* at

18–20.) Judge Mix reasoned that even though Defendants demanded Plaintiff sign

"papers" admitting his insurance was expired, such allegations are insufficient to state a

claim for self-incrimination because Plaintiff alleges that his insurance was in fact

current and that he would have been able to prove that any such document was false

and therefore not self-incriminating. (*Id.* at 20.) To the extent that Plaintiff alleges that

his rights were violated by being held in jail for 48 hours because he refused to sign

"papers," Judge Mix concluded that he failed to state a claim because, by his own

9

admission, Plaintiff appeared before a judge within the 48-hour time period required by the Fourth Amendment. (*Id.*)

As to Plaintiff's claim that he was deprived of his property without due process of law, Judge Mix determined that the claim must be dismissed against Defendants Van Wagenen and Reis because the Complaint failed to allege their personal participation in the sale of Plaintiff's vehicle. (*Id.* at 21–22.) However, Judge Mix recommends denying the Archuleta County Defendants' Motion to Dismiss (Doc. # 6) as to the due process claim against Defendants Unknown Doe 7 and Woodrow because the Complaint adequately alleges that Unknown Doe 7 entered a Towed Vehicle Summary stating that the vehicle was "ABANDONED" and Woodrow falsified and executed a motor vehicle bill of sale in which Woodrow claimed that the sale of Plaintiff's vehicle was a "sale of an abandoned vehicle." (*Id.* at 21.) Judge Mix determined that these allegations were sufficient to establish Unknown Doe 7 and Woodrow's personal participation in the allegedly unconstitutional deprivation of Plaintiff's property. (*Id.*)

Next, Judge Mix recommends dismissing Plaintiff's Eighth Amendment claims because Plaintiff was a pretrial detainee and his claims are therefore properly analyzed under the Fourteenth Amendment. (*Id.* at 23.) Moreover, Plaintiff does not allege a claim relating to his conditions of confinement, and his complaints about denial of access to a judge were addressed by the analysis of his Fifth Amendment claims. (*Id.*) Judge Mix also recommends dismissal of Plaintiff's Ninth Amendment claim because the Ninth Amendment is not an independent source of individual rights and provides no cause of action. (*Id.* at 24.) Lastly, Judge Mix recommends dismissal of all of Plaintiff's official

capacity/municipal liability claims because (1) Plaintiff failed to name the Board of County Commissions of Archuleta County in his Complaint, and, more importantly, (2) there are no allegations that a municipal policy or custom was the moving force behind any constitutional violation, so the Complaint fails to state a *Monell* claim. (*Id.* at 24–27.)

In sum, Judge Mix recommends granting Reis's Motion to Dismiss (Doc. # 5) and granting in part and denying in part the Archuleta County Defendants' Motion to Dismiss (Doc. # 6.) She recommends that this case proceed only as to Plaintiff's due process deprivation of property claim against Defendants Unknown Doe 7 and Woodrow and his claims against Defendants Currier and J.R. Towing, which were not parties to the Motions to Dismiss. (*Id.* at 30.) She further recommends that Defendants Reis, Van Wagenen, Valdez, Williams, and Unknown Does 1–6 are entitled to qualified immunity on all the individual claims against them.

## B.    THE OBJECTION

Plaintiff timely filed a 21-page Objection to the Recommendation. (Doc. # 22.) Upon carefully reviewing the Objection, the Court finds that it is largely a rehash of the arguments Plaintiff presented in his Complaint (Doc. # 1) and his Responses to the Motions to Dismiss (Docs. ## 8, 9). Moreover, the Objection does not identify any legal or factual errors that provide a legitimate basis for rejecting the Recommendation.

Among other arguments, Plaintiff "objects to the entirety of the Recommendation" because he "does not recall consenting to allow this action to proceed before a Magistrate Judge." (Doc. # 22 at 1.) Plaintiff's consent is immaterial because this Court may "designate a magistrate judge" to submit "proposed findings of fact and

recommendations for the disposition" of a motion to dismiss for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636(b)(1)(B). The Court properly referred the Motions to Dismiss to Magistrate Judge Mix pursuant to § 636(b)(1)(B). (Doc. # 14.)

Plaintiff also makes several arguments relating to his "inalienable right" to make use of the public highways of a state for the purpose of private vehicular travel. (Doc. # 22 at 2–6.) Although Plaintiff acknowledges that Colorado law makes it unlawful to operate a motor vehicle that is not registered or insured, *see* Colo. Rev. Stat. § 42-3-121(1)(a), § 42-4-1409(2), Plaintiff disputes that these laws applied to him. (Doc. # 22 at 6.) Specifically, Plaintiff contends that the statutes apply only to individuals who are "using a private vehicle in the production of income." (*Id.*) The Court rejects Plaintiff's argument as legally frivolous because it is well established that states may constitutionally regulate the use of public roads through registration, licensure, and insurance requirements. *See, e.g.*, *Delaware v. Prouse*, 440 U.S. 648, 658 (1971) ("[T]he states have a vital interest in ensuring that only those qualified to do so are permitted to operate motor vehicles"); *Hess v. Pawloski*, 274 U.S. 352, 356 (1927) ("In the public interest the state may make and enforce regulations reasonable calculated to promote care on the part of all, residents and nonresidents alike, who use its highways.").

Plaintiff also repeatedly objects that Defendants "failed to allege facts" sufficient to demonstrate that they had probable cause for the search and seizure or that there was a valid community caretaking reason to impound Plaintiff's vehicle. (Doc. # 22 at 7–9.) The Court rejects Plaintiff's argument because Defendants need not allege anything

in a Rule 12(b)(6) motion to dismiss for failure to state a claim. Rather, the burden is on Plaintiff in crafting his complaint to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). Moreover, the allegations clearly demonstrate that the officers had probable cause to stop Plaintiff for failure to display proper registration. As to impoundment, the Complaint contains no non-conclusory allegations that the decision to impound was unreasonable or pretextual, and other allegations indicate that the officers' decision to impound the vehicle was proper under the community caretaker doctrine because Plaintiff was arrested on a public highway and the officers could not determine the vehicle's VIN number. *See United States v. Trujillo*, 993 F.3d 859, 866 (10th Cir. 2021) (observing that the Tenth Circuit has "almost without exception . . . upheld impoundment of vehicles pulled over on roadways" and that in many of those cases "impoundment was also supported by uncertainty regarding the ownership or registration of the vehicle"). Plaintiff therefore fails to raise a legitimate objection to Judge Mix's Recommendation as to these claims.

Finally, Plaintiff objects to dismissal of his official capacity/municipal liability claims. To the extent that Plaintiff questions Judge Mix's determination that Defendants are state officials or employees entitled to Eleventh Amendment immunity (Doc. # 22 at 19), the Court agrees with Plaintiff and concludes that it was error to find that the Eleventh Amendment bars Plaintiff's official capacity claims. The Eleventh Amendment

13

has been interpreted to bar suits by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). As such, the Eleventh Amendment shields state officials, acting in their official capacities, from claims for monetary relief. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment does not apply in this case because the Defendants in this case are the County of Archuleta and **county** employees, not state employees. *See Couser v. Gay*, 959 F.3d 1018, 1023 (10th Cir. 2020) (observing that the Supreme Court has repeatedly refused to extend Eleventh Amendment sovereign immunity to counties); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity extends to states and state entities but not to counties, municipalities, or other local government entities."). In his Response to Plaintiff's Objection, Defendant Reis concedes that the law "does not presently support that Colorado sheriffs are arms of the state entitled to Eleventh Amendment immunity." (Doc. # 25 at 6 n.1.)

Nonetheless, the Court agrees with Judge Mix that Plaintiff's official capacity/municipal liability claims are also subject to dismissal for failure to state a claim because the Complaint is entirely devoid of allegations that a municipal custom, policy, or practice was the driving force behind any alleged constitutional violation. *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). In his Objection, Plaintiff argues that discovery is necessary to determine if it is a "custom, policy or practice of the Sheriff's Office" to "violate state law," "to disregard the rights of the people," "to falsify documents," and to "sell impounded property in a manner that violates state law." (Doc. # 20 at 18, 20.) However, Plaintiff may not state a claim for

municipal liability by asserting in his Objection that he needs discovery to uncover answers as to the existence of a municipal policy or custom.

The Court has fully considered the record in this case and determines that even under *de novo* review, the Court would reach the same conclusion as Judge Mix that Defendant Reis's Motion to Dismiss (Doc. # 5) should be granted and that the Archuleta County Defendants' Motion to Dismiss (Doc. # 6) should be granted in part and denied in part as set forth above.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- The January 9, 2023 Recommendation of United States Magistrate Judge (Doc. # 21) is AFFIRMED AND ADOPTED IN PART and REJECTED IN PART. It is REJECTED as to its determination that Plaintiff's official capacity claims are barred by the Eleventh Amendment. It is AFFIRMED AND ADOPTED in all other respects.

- Defendant Reis's Motion to Dismiss for Failure to State a Claim (Doc. # 5) is GRANTED.

- The Archuleta County Defendants' Motion to Dismiss (Doc. # 6) is GRANTED IN PART and DENIED IN PART. It is DENIED as to Plaintiff's second claim for relief for deprivation of property without due process against Defendants Unknown Doe 7 and Woodrow. It is GRANTED in all other respects.

- Accordingly, Plaintiff's First, Third, and Fourth Claims for Relief, and Plaintiff's Second Claim for Relief against Defendants Van Wagenen, Unknown Does

1–6, Valdez, and Williams, are DISMISSED WITH PREJUDICE for failure to state a claim.[2] Defendants Reis, Van Wagenen, Unknown Does 1–6, Valdez, and Williams are entitled to qualified immunity as to the claims against them in their individual capacities. Plaintiff's official capacity/municipal liability claims are also DISMISSED WITH PREJUDICE for failure to state a claim.

- Defendants Reis, Van Wagenen, Unknown Does 1–6, Valdez, and Williams, in their individual and official capacities, and Defendant County of Archuleta are DISMISSED from this action.

- This case shall proceed only as to Plaintiff's second claim for relief against Defendants Unknown Doe 7 and Woodrow, in their individual capacities, and as to Plaintiff's claims against Defendants Currier and J.R. Towing, Inc.

- The caption on all subsequent filings shall be amended to reflect this Court's ruling.

DATED:  February 23, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[2] Although dismissal of a *pro se* complaint is typically without prejudice, the Court agrees with Judge Mix that dismissal with prejudice is appropriate in this case because "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).