IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00545-CMA-KLM

JIMMY JONES,

    Plaintiff,

v.

MARSHALL CURRIER, individually and in his official capacity as tow truck operator for J.R. Towing,
UNKNOWN DOE 7, individually,
TRACEY WOODROW, individually, and
J.R. TOWING, INC.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS

This matter is before the Court on three filings by Plaintiff Jimmy Jones: (1) Plaintiff's Objection to Statements of Fact Offered by Opposing Counsel (Doc. # 28); (2) Plaintiff's Request for Judicial Notice (Doc. # 29); and (3) Plaintiff's Objection to Order Affirming and Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge (Doc. # 30).

In this action, Plaintiff asserts various constitutional claims arising from his stop and arrest by Archuleta County Sheriff's Office Deputies on March 7, 2021, and the subsequent impoundment and sale of his vehicle.[1] On February 23, 2023, this Court

---

[1] Because Plaintiff proceeds *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v.*

entered an Order in which it affirmed in part and rejected in part Judge Kristen L. Mix's Recommendation (Doc. # 21). In the Order, the Court considered and rejected the arguments that Plaintiff raised in a timely filed Objection to the Recommendation. (Doc. # 22.) The Court agreed with Plaintiff that his official capacity claims were not barred by the Eleventh Amendment and rejected that portion of the Recommendation. However, the Court affirmed the remainder of Judge Mix's Recommendation that Defendant Reis's Motion to Dismiss (Doc. # 5) be granted and the Archuleta County Defendants' Motion to Dismiss (Doc. # 6) be granted in part and denied in part. (Doc. # 27.) The Court agreed that this case should proceed only as to Plaintiff's second claim for relief against Defendants Unknown Doe 7 and Woodrow, in their individual capacities, and as to Plaintiff's claims against Defendants Currier and Jr. Towing, Inc. (*Id.* at 15.) Accordingly, the Court dismissed Plaintiff's other claims with prejudice for failure to state a claim for which relief can be granted. (*Id.* at 15–16.) After the Court's February 23, 2023 Order issued, Plaintiff filed the three instant submissions.

First, the Court will address Plaintiff's Objection to Statements of Fact Offered by Opposing Counsel (Doc. # 28). Therein, Plaintiff "objects to all statements of fact outside of the record offered by opposing counsel in all Motions to Dismiss and Responses to Plaintiff's Objections filed by opposing counsel" on the basis that

---

*United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Nor does *pro se* status entitle a litigant to an application of different rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

opposing counsel lacks "personal knowledge" of any of the matters alleged in the Complaint. (*Id.* at 1–2.) The Court already considered Plaintiff's timely Objection to the Recommendation, applied *de novo* review to the Recommendation, and ruled on the Motions to Dismiss. (Doc. # 27.) To the extent Plaintiff attempts to file a successive objection to the Recommendation, any objection is untimely and improper under Fed. R. Civ. P. 72(b)(2). The Court further notes that it did not consider any "statements of fact" offered by Defendants in ruling on the sufficiency of the allegations in Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* (Doc. # 27 at 7–8); *Hall v. Belmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."). For these reasons, Plaintiff's Objection to Statements of Fact Offered by Opposing Counsel (Doc. # 28) is denied as moot.

Next, in Plaintiff's Request for Judicial Notice (Doc. # 29), Plaintiff cites to Federal Rule of Evidence 201 and asks the Court to take judicial notice of several facts. Rule 201 allows a court to take judicial notice of an adjudicative fact not reasonably subject to dispute if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may take judicial notice of the fact at any stage of the pleadings, and can do so on its own or at the request of one of the parties. Fed. R. Evid. 201(c)–(d). In this case, Plaintiff requests the Court take judicial notice of "facts" including provisions of the United States Constitution and Colorado Revised Statutes, legal definitions from Black's Law Dictionary and other sources, and opinions and written orders of Colorado and federal

courts, among other similar materials. These are legislative, not adjudicative facts within the meaning of Fed. R. Evid. 201. *See* Fed. R. Evid. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative fact."); Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rule ("Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."); *see also Robinson v. Liberty Mut. Ins. Co.*, 958 F.3d 1137, 1142 (11th Cir. 2020) (explaining that dictionary definitions establish legislative facts). Because Plaintiff's request addresses only legislative facts, the Court denies Plaintiff's Request for Judicial Notice (Doc. # 29).

Finally, the Court will address Plaintiff's "Objection to Order Affirming and Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge" ("Objection to Order") (Doc. # 30.) Plaintiff cites to Fed. R. Civ. P. 46, which provides for objecting to a ruling or order during trial and is inapplicable to the current procedural posture of this case. It is also not proper for Plaintiff to file an "objection" to an Order of this Court in the same way that Plaintiff may file an objection to a recommendation by a United States Magistrate Judge pursuant to Fed. R. Civ. P. 72.

Nevertheless, the Court liberally construes Plaintiff's Objection to Order as a Motion for Reconsideration. Although the Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration of an interlocutory ruling, district courts have broad discretion to reconsider their rulings before the entry of final judgment. *See*

*Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

To succeed on a motion to reconsider, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (citation and quotations omitted). A motion to reconsider "is not at the disposal of parties who want to rehash old arguments." *Id.* (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). Rather, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not a vehicle to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The Court has carefully reviewed Plaintiff's Objection to Order and finds that Plaintiff has not presented any convincing grounds for reconsideration. The Objection to

Order is largely a rehash of Plaintiff's prior arguments, several of which are legally frivolous. For example, Plaintiff argues that "there is no law in the state of Colorado that criminalizes the conduct of making use of the public highways for the purposes of vehicular travel without displaying a license plate." (Doc. # 30 at 5.) Plaintiff asks the Court to distinguish "operating a motor vehicle" from "using the highways for the purpose of vehicular travel." This argument is meritless for the reasons this Court stated in its February 23, 2023 Order. (Doc. # 27 at 12); *see also* Colo. Rev. Stat. § 42-3-121. The Court rejects all of Plaintiff's arguments that he was not subject to the motor vehicle laws of the state of Colorado when he was driving on a public highway on the date of the alleged incident in this case.

Plaintiff also attempts to argue that his claims should not have been dismissed and points to new facts alleged in an affidavit attached to his Objection to Statements of Fact Offered by Counsel (Doc. # 28). It is improper for the Court to reconsider the sufficiency of Plaintiff's allegations on the basis of facts asserted outside the Complaint. *See* Fed. R. Civ. P. 8(a)(b), 12(b)(6). Further, the Court has reviewed Plaintiff's affidavit and is satisfied that to the extent the facts therein do not contradict the allegations in the Complaint, the new alleged facts would not change the outcome of the prior Order.

In sum, because Plaintiff has failed to establish any grounds warranting reconsideration of the February 23, 2023 Order, the Court denies Plaintiff's motion.

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Objection to Statements of Fact Offered by Opposing Counsel (Doc. # 28) is DENIED AS MOOT;

- Plaintiff's Request for Judicial Notice (Doc. # 29) is DENIED; and

- Plaintiff's Objection to Order Affirming and Adopting in Part and Rejecting in Part Recommendation of United States Magistrate Judge (Doc. # 30), which the Court construes as a Motion for Reconsideration, is DENIED.

DATED:  March 15, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge