IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00545-CMA-SBP

JIMMY JONES,

    Plaintiff,

v.

TRACEY WOODROW, individually,
MARSHALL CURRIER, and
J.R. TOWING, INC.,

    Defendants.

---

**ORDER ON FOUR DISCOVERY MOTIONS**

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on four discovery motions: ECF Nos. 122, 132, 138, and 142. They are referred under 28 U.S.C. § 636(b). *See* ECF Nos. 125, 133, 139, and 148 (Memoranda referring motions).

I.    *Factual Background*

Magistrate Judge Mix and Judge Arguello have recited Mr. Jones' allegations and factual background in detail in prior orders. ECF Nos. 21, 27, 156. In the most recent order, Judge Arguello concisely summarizes the allegations as follows:

> On March 7, 2021, on a public road in Pagosa Springs, Colorado, two Archuleta County Sheriff's Office ("ACSO") deputies saw Mr. Jones driving an unregistered Ford F250 pickup truck. (Doc. # 1 at 4–5.) Because the truck was unregistered, the officers issued Mr. Jones a traffic citation. *Id.* at 5–7, 11. Mr. Jones refused to sign the citation which, per state law, prevented the officers from releasing him, so the officers placed Mr. Jones under arrest. *See* (Doc. # 21 at 15 n.8 (citing Colo. Rev.

> Stat. § 42-4-1707(6) (2016)).) With Mr. Jones under arrest, the officers had to choose: either impound the truck or leave it in the public parking space where Mr. Jones parked it. *See* (Doc. # 1 at 10.) The officers decided to impound the truck and, for that reason, contacted J.R. Towing, which sent Mr. Currier in a tow truck. *Id.* at 9–10.
>
> On March 8, 2021, the day after Mr. Jones's arrest, someone employed by ACSO began processing the paperwork concerning the impounded truck. That person created a "tow vehicle summary" document that designated the impounded truck as "abandoned." *Id.* at 14. To provide notice that the truck was considered abandoned and would be sold in thirty calendar days, Mr. Jones alleges that ACSO sent written notice at some point between March 8 and June 7, 2021 to the truck's previous registered owner, one "Dustin Carter." *Id.* at 14. Mr. Jones further alleges that, on March 21, 2021, Defendant Tracey Woodrow—an ACSO evidence technician . . .—executed a motor vehicle bill of sale that transferred ownership of the impounded truck to J.R. Towing, the tow operator whose private lot the truck had been sitting in, unclaimed, for over thirty calendar days. *Id.* at 14. J.R. Towing, in turn, sold the pickup truck to an unnamed individual. *See id.* at 15.

ECF No. 156 at 2-3 (footnote omitted).

After two orders dismissing claims (ECF Nos. 27 and 156), Mr. Jones has one claim remaining against Defendants Tracey Woodrow, Marshall Currier, and J.R. Towing, Inc. in their individual capacities: a Takings claim under the Fifth Amendment, in which he alleges his impounded vehicle was sold without just compensation. ECF No. 156 at 14. *See* ECF No. 1 at 18 ¶ 82. All other claims have been dismissed.

II.   **Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) sets forth the familiar standard for the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, Rule 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.

In considering proportionality, this court "weighs the importance of the discovery to the issues at stake …, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 282 (D. Colo. 2022) (citing Fed. R. Civ. P. 26(b)(1)). "The court 'must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that'. . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *JL v. Regis Univ.*, No. 21-cv-00580-DDD-NYW, 2022 WL 1443059, at *2 (D. Colo. May 6, 2022) (quoting Fed. R. Civ. P. 26(b)(2)(C)). The court must also limit discovery for several other reasons listed in Rule 26(b)(2)(C), including when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient [or] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). "The burden is on the party resisting discovery or dissemination to establish that the information sought should be subject to additional protection. To meet this burden, the moving party must set forth specific facts showing good cause, not simply conclusory statements." *Netquote, Inc. v. Byrd*, No. 07-cv-00630-DME-MEH, 2007 WL 2438947, at *1 (D. Colo. Aug. 23, 2007) (internal citation omitted).

Finally, "[d]iscovery rulings are within the broad discretion of the trial court, and [the

3

Tenth Circuit Court of Appeals] will not disturb them absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Kenno v. Colo. Governor's Off. of Info. Tech.*, No. 21-1353, 2023 WL 2967692, at *7 (10th Cir. Apr. 17, 2023) (cleaned up, citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)), *cert. denied,* 144 S. Ct. 696 (2024), *reh'g denied sub nom. Kenno v. Colo. Governor's Off. of IT*, 218 L. Ed. 2d 257 (U.S. Mar. 18, 2024). *See also S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (discovery rulings are reviewed for abuse of discretion).

In applying the above principles, this court is mindful that Plaintiff proceeds pro se and thus affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *see also Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'").

III.   Analysis

   A.   *Motion No. 122: Defendants' Motion to Compel Mr. Jones' Tax Records.*

The court first addresses Defendants' motion to compel Mr. Jones to either produce his tax records for the years 2020 to the present, or sign a release for Defendants to obtain those records directly. Mr. Jones has declined to do either. Defendants argue that Mr. Jones' income is relevant to his Complaint's requests for (a) compensation of $320.03 per minute while he was in

custody (Complaint ¶ 91), (b) damages for "physical, emotional, and mental anguish" of $32 million, (*id*. ¶ 95), and (c) punitive damages of $32 million. *Id*. ¶ 96. Mr. Jones responds that he "cannot produce what does not exist." ECF No. 130 at 3.[1]

However, after Defendants filed this motion, Mr. Jones' complaint is now limited to only a Takings claim for the sale of his vehicle without just compensation by Defendants in their individual capacities. "The Takings Clause of the U.S. Constitution, which is applicable to the states through the Fourteenth Amendment, *see Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897), states that 'private property [shall not] be taken for public use, without just compensation.'" *Lech v. Jackson*, No. 16-cv-01956-PAB-MJW, 2018 WL 10215862, at *6 (D. Colo. Jan. 8, 2018), *aff'd,* 791 F. App'x 711 (10th Cir. 2019) (quoting U.S. Const. amend. V). *Cf*. *Knick v. Township of Scott*, 588 U.S. 180, 202 (2019) ("The premise of such a suit for compensation is that the property owner has already suffered a violation of the Fifth Amendment that may be remedied by money damages," footnote omitted). However, there are limitations on the prohibition against uncompensated governmental interference with private property:

> The Takings Clause is concerned with the government's power of eminent domain. Where the government acquires private property by virtue of some other authority, just compensation is not required. *See Bennis v. Michigan*, 516 U.S. 442, 452 (1996). Consistent with this limitation, cases applying both state and federal takings clauses have historically distinguished between eminent domain authority, which permits the taking of private property for public use, and the police power, which allows states to regulate private property for the protection of public health, safety, and welfare.

---

[1] Mr. Jones also makes a lengthy, obtuse argument for why he takes the position that income taxation laws did not apply to him for the time period that Defendants are requesting those records. Mr. Jones' reasons for apparently not filing tax returns are irrelevant to Defendants' motion to compel those records or a release thereof.

*Lech*, 2018 WL 10215862 at *6 (citing *Mugler v. Kansas*, 123 U.S. 623, 668-69 (1887)).

Defendants do not argue that Mr. Jones' income is relevant to a Takings claim, any theory of damages available on such claim, or any defense to it.[2] In this court's review, Mr. Jones does not allege any facts suggesting that the value of the impounded vehicle relates in any way to his income. Rather, he seeks a "rental" rate of $320.03 per day. Complaint ¶ 93.

Under these circumstances, the intervening order on Defendants' motion to dismiss has MOOTED their motion to compel Mr. Jones' tax records or a release. However, if Mr. Jones attempts to assert that just compensation for his vehicle relates in any way to his income, and continues to decline to release his tax records for the years 2020 forward, then Defendants may promptly file a new motion on this issue.

    B.    *Motion No. 132: Plaintiff's Motion to Compel Documents Regarding the Sale of His Impounded Vehicle.*

Next, the court has Mr. Jones' motion to compel Defendants to produce "documents to prove Plaintiff's personal property [i.e., the impounded vehicle] was properly determined to be abandoned pursuant to applicable law, as well as documents to prove the sale of [that vehicle] from the Archuleta County Sheriff's Office ('ACSO') to Defendant J.R. Towing, Inc. and [its] subsequent sale of [the vehicle] to Travis Vigue for the alleged amount of $5,500, was effectuated pursuant to all applicable laws." ECF No. 132 at 3.[3] Mr. Jones further requests that if

---

[2] The court assumed in Mr. Jones' favor at the Rule 12(b)(6) phase that a Takings claim can be brought against officials in their individual capacity. *See, e.g.*, *Smith v. Medina*, No. 22-cv-02757-PAB-MDB, 2023 WL 5980786, at *11 n.6 (D. Colo. Sept. 14, 2023) (noting that *Hinkle Fam. Fun Ctr., LLC v. Grisham*, No. 22-2028, 2022 WL 17972138, at *4 n.2 (10th Cir. Dec. 28, 2022), *cert. denied,* 143 S. Ct. 2613 (2023), did not decide the question).

[3] To the extent Mr. Jones seeks documents concerning his personal property that was inside the vehicle when impounded, Defendants stated previously and repeat: that property is still in the

Defendants are unable to produce such documents, that the court should compel Defendants to provide an "accounting" of why they cannot. Mr. Jones asserts that Defendants have not produced any documents concerning who determined that his vehicle was abandoned and the basis for their determination under Colorado Revised Statute § 42-4-1802(1). *Id*. Mr. Jones attaches ten exhibits—several of which were produced by Defendants, judging by the BATES labels—that he argues "show documents that should exist but have not been provided to Plaintiff." ECF No. 132 at 5.

Defendants respond with several arguments, most importantly noting that Mr. Jones does not identify, attach, or quote the requests for production to which he believes Defendants failed to adequately respond. ECF No. 136 at 6-8. *See* D.C.COLO.LCivR 37.1. Defendants state that they have already provided "full and complete responses to Plaintiff's First, Second and Third Sets of Written Discovery Requests . . . in September of 2023, December of 2023, and February of 2024." *Id*. at 6. They have also provided Mr. Jones with initial disclosures, five supplemental disclosures, and a sixth supplemental disclosure was in the works at the time. *Id*. Defendants argue that Mr. Jones' motion is in fact a "concealed attempt to circumvent the Court's Scheduling Order" by issuing new requests for production in the guise of a motion. Defendants note that the deadline to serve written discovery requests was March 1, 2024, and Mr. Jones filed this motion on March 22, 2024. They further argue that the allegedly new requests are inappropriately cumulative. Defendants ask that the court impose sanctions against Mr. Jones for filing the motion. They specifically ask that the court dismiss the case under Rule 41 for Mr.

---

impound lot. *See, e.g.*, ECF No. 136 at 14. It was not sold, and Mr. Jones can retrieve it. Accordingly, the only property at issue for these discovery motions is the impounded vehicle.

Jones' disregard of, and failure to comply with, the Scheduling Order in filing his motion. ECF No. 136 at 13.

Mr. Jones replies that his motion does not constitute untimely, new discovery requests; in his view, his motion concerns only his already-issued requests for production. ECF No. 137 (attaching Defendants' responses to his first set of requests). Mr. Jones also notes that the discovery deadline had been extended to May 1, 2024. *See* ECF No. 126 (order of March 7, 2024). Thus, requests had to be served by April 1, 2024, so even if his motion does make new requests for production, he nonetheless was timely. He opposes the award of any sanctions against him.

As the movant, Mr. Jones bears the burden of showing that he is entitled to relief, i.e., that Defendants failed to respond to requests for production of documents that are relevant and proportional to the needs of the case. Mr. Jones did not identify any of the requests for production at issue until he filed his reply. Even assuming that identifying the subject discovery requests only in a *reply* suffices to raise the issue, the court has reviewed the Defendants' responses that Mr. Jones submits. Defendants properly responded to the portions of Mr. Jones' discovery requests that sought relevant and proportional discovery.[4] ECF No. 137 at 5-21. Several of Defendants' responses refer to specific documents in their disclosures by BATES numbers. Mr. Jones does not dispute Defendants' representation that they timely produced their

---

[4] To the extent the issues that Mr. Jones briefs in his motion to compel do *not* fall within the discovery requests that he attaches to his reply, new written discovery requests cannot be propounded in a motion. *See, e.g.*, D.C.COLO.LCivR 7.1 (requiring conferral before filing a motion); this court's practice standards (requiring full conferral before raising a discovery dispute with this court); Fed. R. Civ. P. 5(d)(1)(A) (discovery materials shall not be filed with the court "until they are used in the proceeding" and attached to proper motion filings).

initial and supplemental disclosures. Indeed, as noted above, Mr. Jones himself attaches to his motion several documents that Defendants produced. That Mr. Jones believes there should be *more* documentation to support Defendants' sale of his vehicle does not show that Defendants actually have more documentation that they have improperly withheld.

Nor does Mr. Jones show that requiring Defendants to search their files again, or otherwise provide further answers to his requests, would be proportional to the needs of the case. Mr. Jones argues that Defendants sold his vehicle for $5,500. In his Complaint, Mr. Jones seeks a "rental rate" of $320.03 per day, which *if it is an appropriate measure of damages*, would result in a significantly higher amount at issue. But Mr. Jones points to no authority to support his contention that a rental rate is an appropriate measure of just compensation for property under the Takings Clause. Nor is this court immediately aware of any such authority, and in any case, the court cannot act as an advocate for Mr. Jones. Because he has not shown that Defendants failed to provide any relevant and proportional discovery, Mr. Jones' motion (ECF No. 132) is accordingly DENIED.

Defendants' request for sanctions of dismissal under Federal Rule of Civil Procedure 41 is DENIED. Defendants' argument is premised on Mr. Jones' motion having been untimely filed in disregard of the Scheduling Order. It appears he filed the motion timely, under the extended discovery deadline established in ECF No. 126. And in any case, this court would not recommend dismissal as a first sanction under the applicable legal standards. *See, e.g.*, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (in determining whether to dismiss a case as a sanction, courts must consider the "efficacy of lesser sanctions").

   C. *Motions Nos. 138 and 142: Plaintiff's Fourth and Fifth Sets of Written Discovery Requests*

Defendants move to quash Mr. Jones' Fourth and Fifth Sets of written discovery requests (Motion No. 138), and Mr. Jones seeks to compel responses to those requests. ECF No. 142. Since Defendants' motion concerns party discovery, the court construes it as a motion for protective order under Rule 26(c), not a motion to quash. Defendants note that Mr. Jones served these sets of discovery requests on March 25, 2024, and March 27, 2024, respectively.

Defendants first argue that Mr. Jones untimely issued these sets of discovery requests—despite this court having extended the discovery deadline to May 1, 2024—because "there was no request by any party to amend any written discovery deadlines or other pertinent deadlines on the case." ECF No. 138 at 4-5. This argument is not persuasive because, regardless of what the motion for extension sought, this court extended the entire discovery cutoff to May 1, 2024. ECF No. 126 (minute entry of discovery conference).

Defendants next argue that these discovery requests are "a veiled attempt to further legal arguments that have already been deemed legally frivolous." ECF No. 138 at 5. *See* ECF No. 27 (Order of February 23, 2023) at 12. They point to an example in which Mr. Jones requests "any and all documentation the Defendants intend to use to prove Plaintiff's inalienable right to acquire, possess, protect, and make full use of property is contingent upon Plaintiff paying an annual fee in order to obtain registration of said property from the state of Colorado." *Id*. (citing ECF No. 138-1 at 3-4, quoting Request for Production No. 1). Request for Production No. 2 in the Fourth Set is similar: "any and all documentation the Defendants intend to use to prove Plaintiff's right to due process of law before being deprived of life, liberty, or property is contingent upon Plaintiff paying an annual fee in order to obtain registration of said property

from the state of Colorado." *Id*. at 4. Defendants argue that Mr. Jones interposes these discovery requests for improper purposes to harass or cause unnecessary delay, and in a single sentence at the end of their motion, Defendants seek sanctions against Mr. Jones. *Id*. at 6-7.

Mr. Jones then filed his competing motion to compel (ECF No. 142), and essentially refiled that motion as a response (ECF No. 147) to Defendants' motion for protective order. He argues that these requests seek information that is relevant to Defendants' stated defense that Mr. Jones was not entitled to notice or opportunity to be heard before or after the sale of his vehicle because he had to register the vehicle and did not do so. ECF No. 147 at 5-6. Mr. Jones further argues that Defendants should have provided written responses and objections, instead of filing their motion. *Id*. at 7. He argues that he should not be sanctioned.

Defendants reply that Mr. Jones "remains steadfast in presenting the legal argument that he owes no duty to register any vehicle with any state, . . . [an] argument . . . [that] is frivolous as already deemed by this Court." ECF No. 149 at 2 (citing ECF No. 27 at 11). They further argue that "[t]o continue to request information and[/]or documents that are wholly irrelevant to his sole remaining claim is demonstrative of Plaintiff's use of discovery tools in a manner that is prohibited under the rules." *Id*. Defendants further attach an excerpt from Mr. Jones' deposition, in which Mr. Jones articulates the above legal argument, in answering why he did not have a license plate on the vehicle. ECF No. 149-1. They further argue that Mr. Jones is not just seeking to "perfect" the record for appeal but "continues to present frivolous legal theories that have no merit." ECF No. 149 at 2.

The court has reviewed Mr. Jones' Fourth and Fifth Sets of discovery requests. ECF Nos. 138-1, 138-2. Given that Mr. Jones now has only a Takings claim for the alleged deprivation of

11

his impounded vehicle without just compensation, the only request that now seeks relevant information is his Request for Admission No. 7 in the Fourth Set: "Admit that prior to March 22, 2021, Defendant J.R. Towing, Inc. through any employee or agent thereof, accepted consideration from Travis Vigue as down payment for the future sale of Plaintiff's 2002 Ford F250 Super Duty, VIN #1FTNX21F42EA42693 to Mr. Vigue." This request relates to the timing of the sale of Mr. Jones' vehicle, which may yield relevant evidence concerning the value of that vehicle, and thus, what "just compensation" would be for Mr. Jones' claim. Neither does it appear to be unduly burdensome for Defendants to answer.

Mr. Jones' other requests, however, seek information relevant only to his already-dismissed theory that he was not required to register the vehicle or seek some other information, the potential relevance of which Mr. Jones does not explain. As an example of the latter, the requests for admission in the Fifth Set ask Defendants to admit they were trained to distinguish between vehicles impounded in traffic enforcement *versus* vehicles abandoned on public property, and that Defendants nonetheless followed a custom or practice of treating the first category the same as the second. ECF No. 138-2. Mr. Jones has not explained why this information would be relevant to a Takings claim. Accordingly, Mr. Jones' motion to compel (ECF No. 142) is DENIED except as to Request for Admission No. 7 in the Fourth Set. Defendants' motion for protective order is GRANTED except that Defendants shall respond to Request for Admission No. 7 within fourteen days of the entry of this Order.

Finally, as to Defendants' request for sanctions in this motion—namely, to require Mr. Jones to pay the attorney fees that Defendants incurred in briefing the motion for protective order—Rule 37(a) provides that when a discovery motion is granted in part, the "court may issue

any protective order authorized under Rule 26(c) and *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). The court must not award fees or expenses if Mr. Jones' Fourth and Fifth Sets of discovery requests were "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

In this instance, the court finds only one of the requests in the Fourth and Fifth Sets requires a response. In those same sets of requests, Mr. Jones issued *at least* two requests—Requests for Production Nos. 1 and 2 in his Fourth Set without substantial justification—and likewise moved to compel responses to them without substantial justification. As Defendants argue, those requests seek documents that would only be relevant to Mr. Jones' already-dismissed claim that he was not required to register his vehicle. Mr. Jones' argument in support of these requests rests on Defendants' *defense* that he was required to register the vehicle, but that is the flip side of the same coin. Mr. Jones has not shown that these requests for production in the Fourth Set were substantially justified.

However, Defendants' did not brief the question of whether any circumstances would make an apportionment of their attorney's fees to Mr. Jones unjust. In particular, Defendants did not address whether or how the court should consider Mr. Jones' pro se status. *See, e.g.*, *Cambria Cap., LLC v. Fusaro*, No. 21-cv-00428-DBB-JCB, 2022 WL 2473572, at *2 (D. Utah July 6, 2022) ("The court acknowledges that pro se status, by itself, does not shield [a litigant] from an award of reasonable expenses under Rule 37(a)(5)(A) . . . [but] [m]any courts have taken a party's pro se status into account, at least in part, when declining to award reasonable expenses under Rule 37"). In this instance, the court previously admonished Mr. Jones not to use

13

discovery to harass or oppress. ECF No. 134 at 6-7. But the context for that admonishment was Mr. Jones' assertion that he would have the Marshals lock down the ACSO and "escort" their employee to a computer to print out a log that Mr. Jones believed to exist. *Id*. And at the time the court issued that order (on April 8, 2024), Mr. Jones had already issued the Fourth and Fifth Sets. That does not, of course, excuse Mr. Jones for filing his later motion to compel these discovery requests. Finally, the court also considers as a practical matter that the discovery period has closed, and Mr. Jones apparently has not attempted to issue any further, frivolous discovery requests to Defendants.

In these circumstances, the court will not exercise its discretion to apportion the reasonable expenses on Defendants' motion for protective order. ***The court admonishes Mr. Jones, however, to cease attempting to relitigate his claims that have already been dismissed. With respect to any further motions or other filings referred to this court, or any additional discovery disputes in this case, this court may award sanctions against Mr. Jones if he again takes a position that is not substantially justified***.

IV.   Conclusion

For the reasons stated above, Motion ECF No. 122 is TERMINATED AS MOOT; Motion ECF No. 132 is DENIED; Motion ECF No. 138 is GRANTED IN PART; and Motion ECF No. 142 is GRANTED IN PART, consistent with the foregoing. **Defendants shall respond to Request for Admission No. 7 within fourteen days of the entry of this Order**.[5]

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will

DATED: July 25, 2024

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").