IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00545-CMA-SBP

JIMMY JONES,

    Plaintiff,

v.

TRACEY WOODROW, individually,
MARSHALL CURRIER, and
J.R. TOWING, INC.,

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants J.R. Towing, Inc., Marshall Currier, and Tracey Woodrow's Motion for Summary Judgment. (Doc. # 152.)[1] In their motion, Defendants seek to dismiss Plaintiff Jimmy Jones's remaining claims for various reasons, many of which are now mooted by this Court's most recent Order. *See* (Doc. # 156 (dismissing all but Mr. Jones's takings claim).) As for the remaining takings claim, for the reasons explained below, Defendants' motion is GRANTED.

### I.    BACKGROUND

---

[1] This case has one unnamed defendant—"Unknown Doe 7"—but neither party appears to have any information about this defendant. (Doc. # 41) (demanding that Defendants identify Unknown Doe 7); *but see* (Doc. # 47) (Defendants denying having any information). Mr. Jones failed to prosecute Unknown Doe 7, so this Court will dismiss Unknown Doe 7 *sua sponte*.

At the parties' request, the Court recently recited the facts of this case using the complaint's allegations and treating them as true. (Doc. # 77.) However, the instant motion for summary judgment has the benefit of discovery, so the Court will reiterate the background of this case again—this time, buttressed by the following undisputed facts.

**A.   FACTS**

On March 7, 2021, two Archuleta County Sheriff's Office ("ACSO") deputies caught Mr. Jones driving an unregistered Ford F250 pickup truck. *See* (Doc. # 152-1 at 37–38.) The truck lacked any documentation establishing that Mr. Jones owned or actively insured it.[2] The officers issued Mr. Jones a citation for operating an unregistered vehicle, and Mr. Jones refused to sign the citation, which left the officers no choice but to arrest him. *Id.*; *see* Colo. Rev. Stat. § 42-4-1707(6) (2016). The officers chose to impound the truck rather than leave it unattended, so they called Defendant J.R. Towing, Inc., which dispatched its employee, Defendant Marshall Currier, in a tow truck. (Doc. # 152-1 at 54.) Mr. Currier brought the unregistered truck to J.R. Towing's impound lot. *Id.*

As this Court recently explained, a private lot owner can dispose of unclaimed vehicles stored on the owner's property provided it first gives written notice to the

---

[2] Mr. Jones disagrees but lacks the evidentiary support to legitimately do so. According to ACSO Deputies Reis and Van Wagenen—who stopped and ultimately arrested Mr. Jones—nothing in the truck when it was impounded established Mr. Jones's ownership of the truck or that it was currently insured. What the officers found was an unsigned photocopy of a vehicle title, not the actual title itself, and a motor vehicle insurance card that was expired. (Doc. # 154 at 19, 24.) Although Mr. Jones points in his response brief to a then-valid insurance card and a signed title, the critical missing piece he lacks is a modicum of proof (beyond his own self-serving, conclusory declaration), that either document was present in his truck on March 7th. *Cf.* (Doc. # 154 at 26, 28.)

vehicle's last owner of record. (Doc. # 156 at 10–11.) The private lot owner cannot dispose of the vehicle unless the last registered owner fails to respond within thirty calendar days of the written notice's postmark date. (Doc. # 156 at 10–11.)

The day after Mr. Jones's arrest, Defendant Tracey Woodrow, an ACSO evidence technician, began processing paperwork for the impounded truck. (Doc. # 152-1 at 45–47.)[3] Ms. Woodrow generated a "tow vehicle summary" document and mailed written notice to the truck's last registered owner—in this case, one Dustin Carter. *See id.* at 44–48, 51–52; *see generally* (Doc. # 156 at 10–13). The ACSO's written notice was delivered to Mr. Carter's residence on March 15, 2021. (Doc. # 152-1 at 48.) Mr. Carter indicates via affidavit that he contacted J.R. Towing and the ACSO when he received their letter. However, it appears from his statement that he disclaimed any interest in the truck without offering any information regarding how to contact the person to whom he had sold the truck. (Doc. # 154 at 56.) On April 22, 2021, the ACSO transferred title of the truck to J.R. Towing. *Id.* at 42–43, 49, 52. J.R. Towing paid nothing for the impounded truck—as corroborated by Ms. Woodrow and the Motor Vehicle Bill of Sale itself. *Id.* at 49, 52.

Mr. Jones admits that he took no action to notify either the ACSO or J.R. Towing that he claimed any interest in the truck until early June of 2021, (Doc. # 152-1 at 11–14), by which time the truck had been sold to a good-faith buyer.[4]

---

[3] The ACSO provides a step-by-step guide that instructs ACSO employees on how to conduct that vehicle registration record search and mail written notice. *See* (Doc. # 152-1 at 42–43.)
[4] Furthermore, even if the ASCO had known that Mr. Jones claimed an interest in the truck, it had no way of contacting him. The only information they had about him came from a North Carolina driver's license taken from Mr. Jones's pocket after he repeatedly insisted he had no

**B.     PROCEDURAL HISTORY**

Mr. Jones initiated this lawsuit on March 3, 2022. (Doc. # 1.) On February 23, 2023, this Court dismissed all but four defendants—Tracey Woodrow, J.R. Towing, Inc., Marshall Currier, and Unknown Doe 7—and all but two claims: a procedural due process claim and a Takings Clause claim. (Doc. # 27 at 14–16); *see generally* (Doc. # 21 at 11). On July 15, 2024, this Court granted Defendants' Motion to Dismiss Plaintiff's Due Process Claim. (Doc. # 156.) Thus, the only claim remaining is that portion of Plaintiff's second Claim for Relief, which the Court construes as a Takings Claim under the Fifth Amendment to the United States Constitution.

## II.     STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[5] In attempting to meet this standard, the movant need not disprove the other party's claims for the motion to succeed; rather, the movant need only show that the non-movant lacks evidence that a reasonable jury could accept as support for any essential element of the non-movant's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citation omitted). Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth

---

driver's license (Doc. # 152-1 at 39) and, despite repeated requests from ACSO employees, Mr. Jones withheld his actual mailing address and date of birth. *See, e.g.*, (Doc. # 154 at 19 and 24.)

[5] A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 118 F.3d 837, 839 (10th Cir. 1997).

specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986).

The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id*. The nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 670–71. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* Although a court cannot assess the relatively credibility of the parties' exhibits and must view the evidence in the light most favorable to the nonmoving party, *id.*, the Court does not necessarily stray into a credibility analysis by recognizing when evidence is objectively conclusory, *i.e.*, based on mere conjecture, speculation, or subjective belief. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

### III.   ANALYSIS

The only remaining issue from the parties' briefing involves whether a taking occurred. (Doc. # 152 at 7–8.) Defendants offer two arguments: (1) a plaintiff cannot assert a takings claim against a private individual or against a state employee (when sued in their individual capacity), and (2) Mr. Jones's complaint challenges actions that did not involve the state's eminent domain power. *Id.* Mr. Jones explicitly chose not to respond to either argument[6] but, as shown below, no amount of legal argument on his part could rebut Defendants' first contention.

---

[6] Mr. Jones stated that he would not argue his takings claim until the magistrate judge in this case granted his still-pending motion for leave to amend his complaint. (Doc. # 154 at 13.) That

5

The Takings Clause of the United States Constitution's Fifth Amendment prohibits the federal government from "taking" private property "for public use without just compensation." U.S. Const. amend. V. The Fourteenth Amendment extends that prohibition to state governments. *See, e.g.*, *J.B. Ranch, Inc. v. Grand Cnty.*, 958 F.2d 306, 308 (10th Cir. 1992). Neither amendment, however, allows the Takings Clause to reach individual state employees sued in their individual capacities because the Takings Clause (in most cases) applies only to governmental entities. *See Dinh v. United States*, 166 Fed. Cl. 513, 530–31 (2023) ("[A governmental entity] has to be responsible for the taking"); *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1153 (Fed. Cir. 2014); *see generally Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining the distinction between individual- and official-capacity suits).

Simply put, a takings claim cannot properly proceed against any of the remaining named defendants. Ms. Woodrow is a government employee. A takings claim can be maintained against a government employee only when said employee is named in an official capacity. In the instant case, Ms. Woodrow is sued only in her individual capacity. A takings claim judgment could not be enforced against her. As for J.R. Towing and Mr. Currier, both defendants are private entities. Although binding precedents allow takings claims against private parties in exceptional circumstances, neither party briefed that issue, and the Court's own review of the record makes clear

---

motion remains pending but, in any event, on July 25, 2024, United States Magistrate Judge Susan B. Prose recommended that his motion be denied. (Doc. # 167.)

that none of those exceptional circumstances are present here.[7] Thus, there is no basis to maintain a takings claim against J.R. Towing or Mr. Currier.

In sum, Defendants have shown that Mr. Jones has no evidence capable of convincing any reasonable jury that Ms. Woodrow, J.R. Towing, or J.R. Towing's employee, Mr. Marshall, are liable to Mr. Jones for a taking. The law simply does not allow that claim to proceed against these types of defendants in this case. Defendants' motion for summary judgment (Doc. # 152) is therefore GRANTED.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants J.R. Towing, Inc.; Marshall Currier, and Tracey Woodrow's Motion for Summary Judgment (Doc. # 152) is GRANTED.

Because no claims remain, it is

FURTHER ORDERED that Plaintiff Jimmy Jones's action is DISMISSED WITH PREJUDICE.

---

[7] To establish liability in private party cases, the plaintiff must show that (1) said government action caused "effects on the plaintiff [that] are direct and intended" and (2) "the third party is acting as the government's agent or the government's influence over the third party was coercive rather than merely persuasive." *Dinh*, 166 Fed. Cl. at 530–31; *see also Hinkle Fam. Fun Ctr., LLC v. Grisham*, 586 F. Supp. 3d 1118, 1130 (D.N.M. 2022), *aff'd*, No. 22-2028, 2022 WL 17972138 (10th Cir. Dec. 28, 2022). Nothing in the record, however, suggests any of those circumstances apply here. As a threshold matter, J.R. Towing's reselling of the truck to a good-faith purchaser is not a governmental action. Even assuming J.R. Towing's resale were a government action, nothing in the record shows that J.R. Towing sold the truck with any apparent intent to affect Mr. Jones directly. Even supposing otherwise, nothing in the record proves that J.R. Towing acted as the ACSO's agent or under the ACSO's coercive influence in reselling the truck. *Cf.* (Doc. # 152-1 at 55.) In sum, even supposing this limited exception was applicable—which it is not—nothing in the record even remotely supports its application to the instant case.

The Clerk of the Court shall enter final judgment in favor of Defendants and against Plaintiff. All remaining pending motions are DENIED AS MOOT.

DATED: July 29, 2024

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge